UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | | |
|---|---|---|
| **LEE WILLIAMS, JR.** | \* | **CIVIL ACTION NO.  07-0880** |
| **VERSUS** | \* | |
| **MICHAEL J. ASTRUE, COMMISSIONER, SOCIAL SECURITY ADMINISTRATION** | \* | **MAGISTRATE JUDGE HAYES** |

**MEMORANDUM RULING**

Before the court is plaintiff's petition for review of the Commissioner's denial of social security disability benefits.  Pursuant to 28 U.S.C. § 636(c)(1) and with the consent of all parties, the district court referred the above-captioned matter to the undersigned magistrate judge for the administration of proceedings and entry of judgment.  For the reasons assigned below, the decision of the Commissioner is **REVERSED** and the matter **REMANDED** for further proceedings.

**Background & Procedural History**

Lee Williams, Jr. filed the instant applications for Disability Insurance Benefits and Supplemental Security Income payments on October 13, and September 21, 2005, respectively. (Tr. 42-44,14).[1]  He alleged disability since September 1, 2005, due to back problems.  (Tr. 42, 54).  The claims were denied at the initial stage of the administrative process.  (Tr. 36, 38-41). Thereafter, Williams requested and received a December 13, 2006, hearing before an Administrative Law Judge ("ALJ").  (Tr. 109-131).  However, in a December 27, 2006, written

---

[1] The Title XVI application does not appear in the record.

decision, the ALJ determined that Williams was not disabled under the Act, finding at Step Five of the sequential evaluation process that he was able to make an adjustment to other work that exists in substantial numbers in the national economy. (Tr. 11-20). Williams appealed the adverse decision to the Appeals Council. On April 6, 2007, the Appeals Council denied Williams' request for review; thus the ALJ's decision became the final decision of the Commissioner. (Tr. 5-7).

On May 24, 2007, Williams sought review before this court. He alleges the following errors:

(1) the ALJ did not properly evaluate whether plaintiff's impairment met or equaled the listing for disorders of the spine at Step Three of the sequential evaluation process;

(2) the ALJ's residual functional capacity assessment is not supported by substantial evidence;

(3) the ALJ's credibility determination is not supported by substantial evidence; and

(4) the ALJ's determination that plaintiff can perform other jobs in the national economy is not supported by substantial evidence.

## Standard of Review

This court's standard of review is (1) whether substantial evidence of record supports the ALJ's determination, and (2) whether the decision comports with relevant legal standards. *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990). Where the Commissioner's decision is supported by substantial evidence, the findings therein are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's decision is not supported by substantial evidence when the decision is reached by applying the improper legal standards. *Singletary v. Bowen*, 798 F.2d 818 (5th Cir. 1986). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v.*

*Perales*, 402 U.S. at 401. While substantial evidence lies somewhere between a scintilla and a preponderance, substantial evidence clearly requires "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Muse v. Sullivan*, 925 F.2d 785, 789 (5th Cir. 1991). Conversely, a finding of no substantial evidence is proper when no credible medical findings or evidence support the ALJ's determination. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988). The reviewing court may not reweigh the evidence, try the issues *de novo*, or substitute its judgment for that of the Secretary. *Greenspan v. Shalala*, 38 F.3d 232, (5th Cir. 1994).

## Determination of Disability

Pursuant to the Social Security Act (the "Act"), individuals who contribute to the program throughout their lives are entitled to payment of insurance benefits if they suffer from a physical or mental disability. *See* 42 U.S.C. § 423(a)(1)(D). The Act defines a disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A). Based on a claimant's age, education, and work experience, the Act utilizes a broad definition of substantial gainful employment that is not restricted by a claimant's previous form of work or the availability of other acceptable forms of work. *See* 42 U.S.C. § 423(d)(2)(A). Furthermore, a disability may be based on the combined effect of multiple impairments which, if considered individually, would not be of the requisite severity under the Act. *See* 20 C.F.R. § 404.1520(a)(4)(ii).

The Commissioner of the Social Security Administration has established a five-step sequential evaluation process that the agency uses to determine whether a claimant is disabled

under the Act.  *See* 20 C.F.R. §§ 404.1520, 416.920.  The steps are as follows,

    (1)    An individual who is performing substantial gainful activity will not be found disabled regardless of medical findings.

    (2)    An individual who does not have a "severe impairment" of the requisite duration will not be found to be disabled.

    (3)    An individual whose impairment(s) meets or equals a listed impairment in [20 C.F.R. pt. 404, subpt. P, app. 1] will be considered disabled without the consideration of vocational factors.

    (4)    If an individual's residual functional capacity is such that he or she can still perform past relevant work, then a finding of "not disabled" will be made.

    (5)    If an individual is unable to perform past relevant work, then other factors including age, education, past work experience, and residual functional capacity must be considered to determine whether the individual can make an adjustment to other work in the economy.

*See, Boyd v. Apfel*, 239 F.3d 698, 704 -705 (5th Cir. 2001);  20 C.F.R. § 404.1520.

The claimant bears the burden of proving a disability under the first four steps of the analysis; under the fifth step, however, the Commissioner must show that the claimant is capable of performing work in the national economy and is therefore not disabled.  *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987).  When a finding of "disabled" or "not disabled" may be made at any step, the process is terminated.  *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990).  If at any point during the five-step review the claimant is found to be disabled or not disabled, that finding is conclusive and terminates the analysis.  *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

## Analysis

Issue 1

    The ALJ found at Step Two of the sequential evaluation process that Williams suffered from severe impairments of chronic neck and back pain, secondary to a muscular strain.  (Tr. 16). However, the ALJ concluded that the impairments were not severe enough to meet or medically

4

equal any of the impairments listed in Appendix 1, Subpart P, Regulations No. 4, at Step Three of the process. *Id*.

Plaintiff argues that the ALJ failed to properly evaluate whether his impairment met the listing for disorders of the spine, i.e. 20 C.F.R. Subpart P, App. 1, Section 1.04. The ALJ is required to discuss the evidence and explain the basis for his findings at each unfavorable step of the sequential evaluation process. *Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007) (citing 42 U.S.C. § 405(b)(1)). Nonetheless, the ALJ's failure to do so does not require remand unless the claimant's "substantial rights" were affected. *Id*.[2] A claimant's substantial rights are affected at Step Three when he demonstrates that he meets, or at least appears to meet, the requirements for a listing. *See, Audler, supra*.

Plaintiff contends that his impairment meets the listing for disorders of the spine. The relevant section provides:

> 1.04. Disorders of the spine (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord. With:
>
> > A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine); or
> >
> > B. Spinal arachnoiditis, confirmed by an operative note or pathology report of tissue biopsy, or by appropriate medically acceptable imaging, manifested by severe burning or painful dysesthesia, resulting in the need for changes in position or posture more than once every 2 hours; or

---

[2] In other words, the ALJ's error may be harmless. *Audler, supra*. (citing *Morris v. Bowen*, 864 F.2d 333, 334 (5th Cir. 2007)).

> C. Lumbar spinal stenosis resulting in pseudoclaudication,
> established by findings on appropriate medically acceptable
> imaging, manifested by chronic nonradicular pain and weakness,
> and resulting in inability to ambulate effectively, as defined in
> 1.00B2b.

20 C.F.R. Subpart P, App. 1, Section 1.04

To establish that a claimant's injuries meet or medically equal a listing, the claimant must provide medical findings that support all of the criteria for a listed impairment (or most similarly listed impairment). *See, Selders v. Sullivan*, 914 F.2d 614, 619 (5th Cir. 1990).[3]  An impairment that manifests only some of the requisite criteria, no matter how severely, does not qualify. *Sullivan v. Zebley*, 493 U.S. 521, 530, 110 S.Ct. 885, 891 (1990).  If the plaintiff fails to demonstrate the specified medical criteria, the court will find that substantial evidence supports the ALJ's finding that listings-level impairments are not present. *Selders*, 914 F.2d at 620.

The instant ALJ considered whether Williams' impairment met or equaled Listing 1.04A. (Tr. 17).  However, he determined that Williams did not meet or equal the listing *inter alia* because there was no evidence of nerve root compression.  *Id*.  Plaintiff contends that he meets the listing because he suffers from a limited range of motion.  However, Listing 1.04 contemplates impairments such as herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, or vertebral fracture *which result in the compromise of a nerve root or the spinal cord*.  20 C.F.R. Subpart P, App. 1, Section 1.04 (emphasis added).  Evidence of same is lacking here.[4]  Indeed, plaintiff's diagnosis for his lower

---

[3] In determining whether a claimant's impairment(s) equals a listing, all evidence in the case record about the claimant's impairments and their effects are considered.  20 C.F.R. § 404.1526(c).

[4] *See e.g.*, December 22, 2005, x-ray of the cervical spine showing loss of normal kyphosis, but very well preserved disk spaces and facet joints.  (Tr. 93).  There also was no evidence of any acute fractures or dislocations.  *Id*.

back pain is limited to a chronic muscle strain. (Tr. 91). In sum, plaintiff has not demonstrated that he met the required criteria for listing-level severity; therefore the ALJ's Step Three determination is supported by substantial evidence. *Selders, supra*.

Issues 2-4

The ALJ next determined that Williams retained the residual functional capacity to perform "light work, reduced by the claimant's ability to occasionally climb stairs and ramps (but no rope, ladder or scaffolding), balance, stoop, kneel, crouch, and crawl; he must be allowed to sit/stand at will; he requires the occasional use of a cane to assist in ambulation; and the claimant can perform tasks requiring only occasional turning of the head left to right and right to left. *Id*." (Tr. 17).[5] Plaintiff generally challenges the ALJ's residual functional capacity assessment.

The court observes that Williams was examined by William Allums, M.D. on December 12, 2005, at the request of Disability Determination Services. (Tr. 88-92). During the examination, Williams complained of low back pain; muscle spasm and stiffness; chest congestion; and neck pain. *Id*. Williams reported that his back pain limited his walking to 500 feet or standing for 20 minutes or sitting for 30 minutes. *Id*. He stated that he could not lift over

---

[5] Light work entails:
> . . . lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 404.1567(b).

7

20 pounds, and could no longer bend. *Id*. Over the past three months he had developed a chronic cough. *Id*. He experienced daily neck pain radiating into the scapular area. *Id*. He took hydrocodone every eight hours. *Id*. His lungs were clear to auscultation and percussion. *Id*. Williams' back examination showed considerable restriction. *Id*. He was tender from the interscapular area of his back all of the way down to the lumbosacral joint. *Id*. His gait was normal, but station was slightly bent forward. *Id*. Toe to heel walk was normal. *Id*. Mounting and dismounting the examination table was painful, as was putting on his shoes and socks. *Id*. There was no atrophy. *Id*. Straight leg raising was restricted, with no reflexes in either knee. *Id*.[6]

Allums opined that Williams' low back pain was apparently caused by chronic muscular strain. *Id*. There was no evidence of joint abnormalities. *Id*. His upper extremities were fine. *Id*. Because of his pain and restrictions, Dr. Allums believed that some form of assistive device would be helpful. *Id*.[7] Allums also completed range of motion charts which indicated that Williams' ability to reach overhead was reduced by approximately 50 percent, as was his ability to flex and extend both knees. (Tr. 94).[8]

The record also contains a December 4, 2006, To Whom it May Concern letter from plaintiff's treating physician Chidiadi, Dike, M.D. (Tr. 106). The letter stated that plaintiff had been under Dr. Dike's care since March 2005 for chronic low back and neck pain. *Id*. Williams' low back pain had become much worse in the past 18 months. *Id*. He also suffered from chronic neck pain for the past three years ago after sustaining an on-the-job neck injury. *Id*. His chronic

---

[6] Reflexes were normal in both ankles, however. *Id*.

[7] Allums believed that his chest pain was transient. *Id*.

[8] The second page of the range of motion charts does not appear in the instant record.

low back and neck pain was being managed and treated with daily prescription pain medication. *Id*.

The instant record contains no other medical reports or legible treatment notes. Furthermore, no physician has rendered an opinion regarding plaintiff's physical residual functional capacity.[9] Although, plaintiff's testimony provides some support for portions of the ALJ's residual functional capacity assessment,[10] there is no record evidence to support the ALJ's implicit finding that Williams could stand or walk for a total of six hours in an eight hour day as required to perform light work. *See*, SSR 83-10 (describing requirements of light work).[11] Finally, the record currently does not contain evidence that plaintiff is able to stoop on at least an occasional basis – i.e. up to two hours per work day. (*See*, Tr. 91, 122).[12] A complete inability to stoop would significantly erode even the sedentary occupational base and compel a finding that the claimant is disabled. *See*, SSR 96-9p.

---

[9] The ALJ noted that "the record contains medical opinions provided by the state agency medical examiners who are recognized as highly qualified physicians and/or psychologists . . ." (Tr. 18). Presumably, the ALJ is referring to a Physical Residual Functional Capacity Assessment form completed by disability examiner, Jonathan Rimer. (Tr. 96-103). However, there is no indication that Rimer is a physician. (*See e.g.*, Tr. 36, 103). A disability examiner is not a medical doctor, and his opinion is not considered an acceptable medical source statement or afforded the same weight as an opinion of a medical or psychological consultant of the state agency. 20 C.F.R. 404.1527(f) and 416.927(f). The opinion of the disability examiner can only be considered as lay evidence and is afforded little probative value. 20 C.F.R. 404.1513(d)(3) and 416.912(d)(3).

[10] Williams stated that he can lift up to 20 pounds and stand for up to 20-30 minutes at a time. (Tr. 116). He also can sit for up to 40 minutes without difficulty. (Tr. 119).

[11] There is also no evidence that Williams could sit for a total of approximately six hours as required to perform sedentary work. *Id*.

[12] Williams stated that he cannot bend over to tie his shoe laces or to pick something up off of the floor. (Tr. 122).

In sum, there is no valid medical assessment or other corroborating evidence, to support the ALJ's determination that plaintiff retained the residual functional capacity to perform the physical demands of light work. Accordingly, the ALJ's residual functional capacity assessment is not supported by substantial evidence. *See, Ripley v. Chater* 67 F.3d 552, 557 -558 (5th Cir. 1995)(substantial evidence lacking where: no medical assessment of claimant's residual functional capacity, and claimant's testimony was inconsistent with ALJ's assessment); *Butler v. Barnhart*, Case Number 03-31052 (5th Cir. 06/02/2004)(unpubl.) (in the absence of medical opinion or evidence establishing that the claimant could perform the requisite exertional demands, the ALJ's determination is not supported by substantial evidence).

Because the foundation for the Commissioner's Step Five determination was premised upon a residual functional capacity which is not supported by substantial evidence, the court further finds that the Commissioner's ultimate conclusion that plaintiff is not disabled, is likewise not supported by substantial evidence. For the foregoing reasons,

The Commissioner's decision is **REVERSED**, and the matter **REMANDED** for further proceedings in accordance with this opinion.

THUS DONE AND SIGNED, in Monroe, Louisiana, on the 13th day of June, 2008.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE